### GOETZ, et al., Plaintiffs-Appellants, v. JACOBS, et al., Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4326.   Decided September 28, 1949

Binns & Tresemer, Columbus, for defendants-appellees, and for the motion.

Matthew L. Bigger, Columbus, for plaintiffs-appellants, contra the motion.

## OPINION

By THE COURT.

Submitted on motion of defendants-appellees to dismiss the appeal for defect of parties defendants-appellees.  The judgment was entered on a motion directed to the fourth amended petition in which the defendants were specifically named.  The notice of appeal sets out the defendants-appellees by name, two of them in type, with the addition, "et al. Defendants".

The Code, §12223-5 GC, provides in part:

"In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin."

The notice of appeal is not in good form, but we cannot say that there was an intention not to make all defendants

named in the fourth amended petition parties appellees to the appeal. The status of the appellant is well defined and it reasonably appears that it was intended to make all parties to the fourth amended petition, other than the plaintiffs below, defendants-appellees. Counsel cite **Young v. Meyers, Jr., Exr., et al., 124 Oh St 448,** to effect that full force must be given to §11256 GC, requiring that parties who are united in interest must be joined as plaintiffs or defendants in the appellate court. However, this case was decided under the old error proceedings when it was necessary to get a defendant in error into court that he be served with summons. This is now accomplished by the filing of the notice of appeal in the trial court.

The motion will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.